IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID MEREDITH,<br><br>Plaintiff,<br><br>vs.<br><br>YUCHEN JESSICA WANG,<br><br>Defendant. | Superior Court Case No. <u>DM0435-18</u><br><br><br>**DECISION AND ORDER RE DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE** |

Defendant Yuchen Jessica Wang asks the Court to hold Plaintiff David Meredith in contempt for failing to produce discovery matters that the Court's December 4, 2019 Decision and Order ordered him to produce. She alleges that Meredith has failed to disclose the following: correspondence between Meredith and his tax preparer; proper closing statements and correspondence between Meredith and his closing agent; correspondence between Meredith and five bank accounts requesting relevant financial statements; and, responses to interrogatories 16 and 20.[1]

A party can be found guilty of contempt of court when they disobey "any lawful judgment, order, or process of the court." 7 GCA § 34101. Under Guam law, a court must find by clear and convincing evidence that there is (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) a willful failure to comply with the order. *Rodriguez v.*

---

[1] Wang also requests that the Court clarify that Meredith must disclose his 2018 tax return. During the Motion Hearing, Meredith stated he would disclose his 2018 tax return to Wang, so the Court does not address the request here.

*Rodriguez*, 2003 Guam 8 ¶ 15. Meredith does not dispute prongs one through three, so the Court proceeds to examine whether he willfully failed to comply with the Court's order.

Willfulness is traditionally considered an "essential element of the offense" of contempt. *People of Guam v. Torres*, 2008 Guam 26 ¶ 5. However, "a good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 52. A party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003).

During the hearing, the Court DENIED Wang's first and second requests for Meredith to disclose his correspondence with his tax preparer and closing agent because Meredith produced his tax returns for the requested years and his ATLA closing statements, thereby complying with the general thrust of the Court's order. The tax statements also contain statements from Meredith's tax preparers, indicating their reliability.

As for Wang's remaining requests, the Court finds Meredith did not willfully fail to disclose his correspondence with several banking institutions or respond to Wang's interrogatories because he had a good faith belief that he was complying with the Court's order. He argues he did not provide correspondence with two E-Trade accounts and a NatWest account because he believes Wang is a joint account holder of those accounts. He similarly argues that he responded to Wang's interrogatory requests in his deposition. Wang opposes both arguments, contending that she does not have access to those accounts and that although Meredith may have responded in his deposition to some of the questions in her interrogatories, he did not respond to the interrogatories themselves.

These contentions do not clearly and convincingly demonstrate that Meredith willfully failed to comply with the Court's order. Therefore, the Court does not hold Meredith in contempt of Court. However, it now expressly orders that Meredith respond to Wang's interrogatories under Rule 33's procedures and that he disclose any relevant financial documents from the two E-Trade accounts and NatWest account to Wang.

Accordingly, the Court hereby DENIES Wang's Motion and does not hold Meredith in contempt.

SO ORDERED this 4th day of June 2020.

_____
HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Vanessa Williams, Esq., for Plaintiff David Meredith
Daniel J. Berman, Esq., Berman, O'Connor & Mann, for Defendant Yuchen Jessica Wang